IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**KATHY BUTLER**                                                                           **PLAINTIFF**

v.                                        No. 2:15–CV–124-JLH-BD

**CAROLYN W. COLVIN**, Acting Commissioner,
Social Security Administration                                                             **DEFENDANT**

## Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge J. Leon Holmes. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Holmes may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

### Reasoning for Recommended Disposition

Kathy Butler seeks judicial review of the denial of her application for social security disability benefits.[3] Ms. Butler worked as a licensed practical nurse (LPN) for many years. She lost her job in October 2010.[4] She claims she has been disabled since that time.[5] She based disability on insulin dependent diabetes and retinopathy.[6]

**The Commissioner's decision**. The Commissioner's ALJ identified insulin dependent diabetes with mild renal insufficiency as a severe impairment.[7] The ALJ determined that Ms. Butler could do light work.[8] After a vocational expert identified available light work, the ALJ determined that Ms. Butler was not disabled and denied her application.

The Commissioner's Appeals Council denied a request for review,[9] making the

---

[3] SSA record at pp. 192 & 194 (applying on Oct. 14, 2011 and alleging disability beginning Dec. 25, 2009).

[4] Id. at pp. 221, 236 & 246.

[5] Id. at p. 35 (amending onset date to Nov. 1, 2010).

[6] Id. at p. 235.

[7] Id. at p. 13.

[8] Id. at p. 14.

[9] Id. at p. 1.

ALJ's decision a final decision for judicial review.[10] Ms. Butler filed this case to challenge the decision.[11] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[12] This recommendation explains why the court should affirm the decision.

**Ms. Butler's allegations**. Ms. Butler generally challenges the determination that she could do light work. She claims substantial evidence does not support the ALJ's decision.[13]

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show that Ms. Butler could perform light work. "Light work involves lifting no more than 20 pounds at a time with

---

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[11]Docket entry # 1.

[12]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[13]Docket entry # 9.

frequent lifting or carrying of objects weighing up to 10 pounds."[14] For the following reasons, a reasonable mind will accept the evidence as adequate to support the decision:

> 1. **Medical evidence establishes no disabling symptoms.** A claimant must prove disability with medical evidence; allegations alone are not enough to prove disability.[15] Medical evidence shows that Ms. Butler has had diabetes since childhood and that she requires insulin.
>
> Ms. Butler alleged disabling symptoms, but offered very little evidence of medical treatment during the time period for benefits were denied.[16] The lack of treatment suggests no disabling symptoms.
>
> There was so little medical evidence that the ALJ ordered a consultative

---

[14]20 C.F.R. §§ 404.1567(b) & 416.967(b).

[15]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. §§ 404.1508 & 416.908 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. §§ 404.1529 & 416.929 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[16]SSA record at p. 317 (Nov. 6, 2011, emergency room visit for pneumonia and low blood sugar), p. 356 (Nov. 18, 2011, emergency room followup) & p. 359 (Nov. 23, 2011, emergency room followup).


exam.[17]  The exam results were normal.[18]  The examiner opined that Ms. Butler could lift/carry up to 100 pounds, and sit/walk/stand for 7 hours, during an 8-hour workday.[19]  A claimant who can do that much can do heavy work, but the ALJ limited Ms. Butler to light work, relying in part on agency medical opinions,[20] and reasoning that diabetes could cause fatigue and burning in the feet.[21]  A reasonable mind would accept the evidence as adequate to support the decision.

2. **Work exists that Ms. Butler could do**.  After determining that Ms. Butler could do light work, the ALJ questioned a vocational expert about past work.  The vocational expert classified Ms. Butler's past work as a LPN as skilled, medium work.[22]  Because the requirements for medium work exceed the requirements for light work, the ALJ determined Ms. Butler could no longer work as an LPN.  Disability, however, requires more than the inability to do past work.

Disability requires the inability to do any substantial gainful activity.[23]  To determine whether Ms. Butler could do any substantial gainful activity, the ALJ asked about transferable skills.  A vocational expert identified: following written and oral instructions, completing detailed charts and reports, handling medical instruments, and collecting medical data such as blood pressure and pulse.[24]  According to the vocational expert, these skills transfer to the following semi-skilled light jobs: companion, personal

---

[17]*Id*. at p. 55.

[18]*Id*. at p. 378.

[19]*Id*. at pp. 380-81.

[20]*Id*. at pp. 370 & 373.

[21]*Id*. at p. 15.

[22]*Id*. at p. 50.

[23]42 U.S.C. § 423(d)(1)(A).

[24]SSA record at p. 51.

care attendant, and first aide attendant.[25]

The ALJ asked about other available jobs. The vocational expert identified cleaner/housekeeper, cashier II, and ticket seller as representative unskilled jobs.[26] The availability of semi-skilled light jobs and unskilled light jobs shows that work exists that Ms. Butler could do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[27]

## Conclusion and Recommended Disposition

Substantial evidence supports the ALJ's decision because a reasonable mind would accept the evidence as adequate to support the decision. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Ms. Butler's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 24th day of March, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[25]*Id*.

[26]*Id*. at pp. 52-53.

[27]42 U.S.C. § 1382c(a)(3)(B).